FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 5:06 pm, Nov 29, 2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: )<br>)<br>ALBERT H. DALLAS, )<br>)<br>      Debtor )<br>_____) | Chapter 7 Case<br>Number <u>10-12141</u> |

### ORDER

Before the Court is a Motion for Relief from Stay filed by Georgia Farm Bureau Mutual Insurance Company ("GFB") seeking relief to pursue a declaratory judgment action against Albert H. Dallas ("Debtor"). The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G). For the reasons set forth below and at the hearing held September 16, 2011, the motion is granted.

### FACTS

Prior to bankruptcy, on or about March 8, 2001, GFB issued insurance Policy Number CAP 14024 to Albert H. Dallas d/b/a Dallas Law Firm. Debtor represented the entertainer James Brown ("Brown") as his attorney and after Brown's death, Debtor was the trustee of Brown's trust and a personal representative of Brown's probate estate. Several lawsuits were filed in the South Carolina state court system against Debtor and other former personal

representatives of Brown's estate ("underlying South Carolina lawsuits").

On June 12, 2008, GFB filed a declaratory judgment action in the Superior Court of McDuffie County, Georgia to determine the extent of insurance coverage for the underlying South Carolina lawsuits. The declaratory action was subsequently transferred to Glascock County, Georgia, Civil Action File No. 08-0610 ("the declaratory action"). In the declaratory action, GFB seeks a determination that it does not owe a duty to defend or indemnify Debtor in the underlying South Carolina lawsuits. According to GFB, discovery has been completed in the declaratory action and a motion for summary judgment is pending.

Debtor filed for chapter 7 bankruptcy relief on September 17, 2010. Debtor's counsel argued at the hearing, that from Debtor's perspective, the most important portion of the declaratory action has not yet been completed, as Debtor has not filed his response to the summary judgment motion. Debtor argues very little discovery was undertaken or necessary to decide the mostly legal issue of whether insurance coverage exists. If the stay is lifted, Debtor argues he will be faced with the possibility of experiencing a great hardship, as he does not have the financial resources to resist the claims asserted against him in state court if there is no

2

insurance coverage.

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. §362(d)(1), GFB must make a prima facie showing that "cause" exists for relief to be granted. "Cause" is not defined by §362(d)(1) therefore courts must decide on a case by case basis whether "cause" exists based on the totality of the circumstances. In re Day, 2004 WL 2191632 *1 (Bankr. S.D. Ga. Jan. 29, 2004). Courts have looked at several factors in determining whether to grant relief from stay to allow a party to pursue a pending state court action against a debtor. Id. (considering three factors); World Bazaar Franchise Corp. v. Benbo of Ga., Inc. (In re Benbo of Ga., Inc.), 1992 WL 12004318, *3 (Bankr. S.D. Ga. March 2, 1992)(applying three factors) citing In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (N.D. Ill. 1986); In re Robertson, 244 B.R. 880, 883-84 (Bankr. N.D. Ga. 2000).

As quoted from In re Day, the following relevant factors may be considered:

> 1) Whether any 'great prejudice' to either the estate or debtor will result from continuation of the civil suit;
>
> 2) Whether the hardship to movant resulting from maintaining the stay considerably outweighs the hardship of the debtor; and
>
> 3) Whether the movant has a probability of prevailing on the merits of its case.

3

AO 72A
(Rev. 8/82)

In re Day, 2004 WL 2191632 at *2; In re Robertson, 244 B.R. at 883-84. These factors are non-exclusive and each case is considered based on its particular facts.

Once a movant makes out a prima facie case that "cause" exists to grant relief, the burden then shifts to the debtor to show by a preponderance of the evidence that given the particular facts and circumstances of the case, relief should not be granted. See In re Benbo of Georgia, Inc., 1992 WL 12004318 at *2 (finding the movant made a prima facie case that "cause" existed by showing that the debtor's liability must be established before the movant could pursue debtor's guarantors, and noting that the burden shifted to debtor to show by a preponderance of the evidence that relief should not be granted).

Examining these factors, GFB argues there is no "great prejudice" to Debtor or the bankruptcy estate because the declaratory action does not involve the tangible assets of the Debtor or the bankruptcy estate; rather the declaratory action only seeks a declaration of whether coverage exists. See In re Benbo of Georgia, Inc., 1992 WL 12004318 at *3 ("[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability. . . ."). Furthermore, the Chapter 7 Trustee did not oppose the relief.

4

Conversely, Debtor argues he does not have the resources to defend the action. As a result, Debtor may be without the benefit of GFB's counsel who has been defending him in the South Carolina lawsuits under a reservation of rights. It is true that Debtor will be required to defend the declaratory action if relief is granted and ultimately the South Carolina lawsuits if GFB prevails in the declaratory action, but the cost of defending, alone, is not a "great prejudice." See In re R.J. Groover Constr., LLC, 411 B.R. 473, 479 (Bankr. S.D. Ga. 2008)(the cost of defending litigation, by itself, is not a "great prejudice" barring relief from the stay); In re Benbo of Georgia, Inc., 1992 WL 12004318 at *3 ("Although debtor will incur litigation expenses if it chooses to defend itself in the district court action, the cost to the debtor of defending an action does not constitute "'great prejudice.'"). According to GFB, discovery has been conducted and a motion for summary judgment has been filed in the declaratory action. Because the declaratory action has progressed to an advanced stage, the costs will be minimal to Debtor in defending.

As for defending the South Carolina lawsuits, the Chapter 7 Trustee has hired counsel to prosecute and defend in the proceedings which would help alleviate the harm to Debtor if relief from the stay is granted. Dckt. Nos. 14, 22-24. The Trustee's

AO 72A
(Rev. 8/82)

motion to employ states the purpose of the employment of special co-counsel is "to assist the Trustee in pursuing and liquidating Claims *as well as defending/objecting to any claims* which may be asserted against the Debtor/Debtor's Estate by the Estate of James Brown and/or its representatives and/or its affiliates." Dckt. No. 14 (emphasis added). In another ruling, I abstained from hearing Debtor's counterclaim for fees purported owed to him and allowed the South Carolina court to resolve such matters, with the parties returning to the bankruptcy court for the ultimate determination of dischargeability. Dckt. No. 27. The Chapter 7 Trustee has a great interest in prosecuting the cause of action for the amount of fees allegedly due Debtor. If the Chapter 7 Trustee prevails, the recovery may be sufficient to pay all claims in full. While the interests of Debtor and the Chapter 7 Trustee are not totally aligned, for the purposes of this analysis, I find the Chapter 7 Trustee's pursuit of the claim and his employment of counsel weigh in favor of granting relief.

Furthermore, the Georgia court is already familiar with the pertinent facts and evidence of this controversy as discovery has been completed and currently a motion for summary judgment is pending before the court. As the court in Day noted:

> [I]t will often be more appropriate to permit proceedings to continue in their place of

6

> origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum. . . .

In re Day, 2004 WL 2191632 at *3 quoting S.Rep. No. 95-989 at 50 (1978). Based upon the foregoing, I find neither the Debtor nor the bankruptcy estate will suffer great prejudice if the stay is lifted.

Second, I find the hardship to GFB resulting from maintaining the stay considerably outweighs the hardship to Debtor.

> Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding . . . the automatic stay was never intended to preclude a determination of tort liability and the attendant damages. Instead, it was merely intended to prevent a prejudicial dissipation of a debtor's assets.

In re Day, 2004 WL 2191632 at *3. While it is true that Debtor would incur the cost of defending the summary judgment motion, given the particular facts of this case, I find the hardship to GFB of maintaining the stay considerably outweighs the hardship to Debtor and the Chapter 7 bankruptcy estate. GFB has already filed a motion for summary judgment and completed discovery in the state court action. GFB is being denied its day in court to have its declaratory action resolved in the forum of its choosing. It has been required to defend under a reservation of rights and to keep loss reserves in place and incur administrative costs. Without

7

relief from the stay, GFB will be required to continue such coverage or run the risk of incurring liability for failing to defend. The Chapter 7 Trustee has not opposed relief being granted. The declaratory action merely establishes GFB's duties to defend and/or indemnify, as required under the contract. Benz v. Dtric Ins. Co. (In re Benz), 368 B.R. 861, 866-67 (9th Cir. B.A.P. 2007)("Nothing in the insurance policy mandated coverage if the claims fell outside the scope of the policy or contract; to the contrary, the policy lists specific exclusions to coverage. Therefore, the estate's "property interest" is whatever benefits flow from the contract, subject to the insurer's determination that certain claims (or "benefits") are excluded from coverage."). In this case, the Debtor has received his Chapter 7 discharge and the stay is lifted as to any action taken against Debtor, but remains in place as to property of the estate. See 11 U.S.C. §362(c).

To the extent the declaratory action is an action to exercise control over property of the estate (the insurance policy), relief from the stay is warranted. The South Carolina lawsuits and the dischargeability adversary remain to be resolved. For the reasons set forth in the order dated September 30, 2011 (Dckt. No. 27), I previously abstained from Debtor's and the Chapter 7 Trustee's pursuit of the counterclaim and the parties are proceeding

in state court as to the underlying claims that GFB has been defending; provided, however, that they must return to the bankruptcy court before enforcing any debt and for a determination as to the dischargeability of the debt. Given these facts, if GFB is correct as a matter of law, Debtor cannot force GFB to continue defending him by forestalling the resolution of the declaratory action. See In re Benz, 368 B.R. at 867 ("[T]he Bankruptcy Code does not and should not grant a debtor 'greater rights and powers under the contract than he had outside of bankruptcy.'"). Considering the nature of the relief sought, and the procedural posture of the case, I find the hardship to GFB considerably outweighs the potential harm to Debtor and the estate.

In addition, by lifting the stay, the state courts will have the unfettered ability to order the proceedings in a manner that most judiciously given the particular facts and circumstances, with the bankruptcy court making the ultimate determination on dischargeability.

Finally, I find the probability of success on the merits prong is neutral. There have been no allegations that the declaratory action is frivolous. See In re R.J. Groover Constr. LLC, 411 B.R. at 466 ("[I]n the absence of a showing that the case is entirely and unquestionably frivolous, [the likelihood of success

9

on the merits factor] is of limited relevance. I do not find it possible in many, or appropriate in most, circumstances to assess likelihood of success on the merits of a case which is not before me, and which would likely never be tried in this Court.").

As previously noted, this three part analysis is non-exclusive, other relevant factors to consider include:

> (1) whether relief would result in a partial or complete resolution of the issues;
>
> (2) lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the other proceeding involves the debtor as a fiduciary;
>
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
>
> (6) whether the action primarily involves third parties;
>
> (7) whether litigation in another forum would prejudice the interests of other creditors;
>
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
>
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interests of judicial economy and the expeditious and economical resolution of

10

>litigation;
>
>(11) whether the parties are ready for trial in the other proceeding; and
>
>(12) impact of the stay on the parties and the balance of the harms.

In re R.J. Groover Constr., LLC, 411 B.R. at 477. First, granting relief from the stay would allow for a complete resolution of the issue regarding insurance coverage. The declaratory action does not interfere with the bankruptcy case because it seeks only a determination of whether insurance coverage exists and does not seek to recover any of the assets of Debtor or the bankruptcy estate. While the dischargeability of the debt in the underlying South Carolina lawsuits remains at issue, the discharge as to other debts has been entered in this case. Furthermore, the Chapter 7 Trustee has not opposed the motion for relief. Third, the declaratory action does not involve Debtor as a fiduciary. Fourth, no specialized tribunal with the necessary expertise has been established to hear the cause of action of whether insurance coverage exists. Fifth, of course, Debtor's insurer has not assumed full responsibility for defending the declaratory action, as it is the plaintiff in this action. GFB has been defending under a reservation of rights. Debtor will have to defend the action, but, as previously discussed, the cost of defending the declaratory

11

action should be *de minimus* because discovery has been completed. Sixth, the declaratory action does not primarily involve third parties. Seventh, litigation in another forum does not prejudice the interests of other creditors. Since the policy is a liability policy, it is designed to benefit third parties wronged by Debtor. Debtor's other creditors are not entitled to the proceeds. Furthermore, the bankruptcy process cannot be used to change the terms of the insurance contract. If there is no coverage, the wronged parties may have a substantial claim against the bankruptcy estate; however, while the *outcome* of the declaratory action may impact the bankruptcy estate allowing the question of coverage to be addressed in another forum does not prejudice the other creditors' interest. Eighth, there will be no judgment claim from the declaratory action subject to equitable subordination. Ninth, GFB's success in the declaratory action will not result in an avoidable judicial lien. Tenth, judicial economy and the expeditious resolution of litigation favors lifting of the stay, as the Georgia court is familiar with the facts, discovery has been completed and a motion for summary judgment is pending before the Georgia court which could resolve the declaratory action. Eleventh, while the parties are not ready for trial, discovery has been completed and the legal matter of insurance coverage has been presented to the

12

Georgia court on a motion for summary judgment. Lastly, as previously discussed the harm to GFB considerably outweighs the hardship on Debtor.

For the foregoing reasons, GFB's Motion for Relief is hereby ORDERED GRANTED.

*/s/ Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 29th Day of November, 2011.

13